Gezim UJKAJ, a/k/a Gezim Ujka a/k/a
Cela Mustafa, Petitioner,

v.

Alberto R. GONZALES, United States
Attorney General, Respondent.

No. 04–6095–AG.

United States Court of Appeals,
Second Circuit.

Feb. 23, 2006.

Aleksander Milch, New York, NY, for
Petitioner.

Michael G. Heavican, United States Attorney for the District of Nebraska, Christian A. Martinez, Assistant United States Attorney, Omaha, Nebraska, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 23rd day of February, two thousand and six.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review be DENIED.

Petitioner Gezim Ujkaj ("Ujkaj"), a native and citizen of Albania, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the decision of an Immigration Judge ("IJ").

*See* Joint Appendix ("JA") at 1–3. The BIA rejected Ujkaj's application for asylum and withholding of removal under the Immigration and Nationality Act of 1952, and denied relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues a decision that primarily adopts and affirms the IJ's opinion, this Court reviews the IJ's decision directly. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Attorney Gen.,* 400 F.3d 963, 964 (2d Cir. 2005) (*per curiam* ).

Here, substantial evidence supports the BIA's conclusion that Ujkaj suffered only isolated incidents of mild harassment and brief detentions. Specifically, Ujkaj testified that he was a supporter of the democratic movement in Albania, participated in demonstrations, and was beaten and kept in jail for an hour. The "worst incident" he describes was when his mother warned him that the police were coming and he went elsewhere in Albania where he stayed indoors in hiding. The BIA did not err in concluding that these incidents do not to rise to the level of past persecution. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004) (quoting *Begzatowski v. INS,* 278 F.3d 665, 669 (7th Cir.2002)) (stating that persecution is conduct that "rise[s] above mere harassment" but it includes "more than threats to life or freedom; non-life[-]threatening violence and physical abuse also falls within this category"); *Damko v. INS,* 430 F.3d 626, 636–37 (2d Cir.2005) ("[P]ersecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional.").

Furthermore, substantial evidence supports the BIA's conclusion that Ujkaj failed to demonstrate a well-founded fear of future persecution. *See Singh v. BIA,* 435 F.3d 216, 218 (2d Cir.2006) (slip op.) (collecting cases). And because Ujkaj has not satisfied the standard for granting asylum, he cannot meet the higher standard for withholding of removal. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). Finally, the evidence does not compel the conclusion that it is more likely than not that Ujkaj would be subjected to torture if he were to be returned to Albania; accordingly, his CAT claim also fails. *See* 8 C.F.R. §§ 1208.16(c) & 1208.17.

For the foregoing reasons, the petition for review is hereby DENIED and the BIA's order is AFFIRMED.